# EXHIBIT 1

STATE OF NORTH CAROLINA    FILED IN THE GENERAL COURT OF JUSTICE

COUNTY OF MECKLENBURG    SUPERIOR COURT DIVISION

2016 JUN 27 P 2 24   16   CVS   11059

MECKLENBURG CO., C.S.C.

BY___

| | |
|---|---|
| MICHAEL TINSLEY, | ) |
|      Plaintiff, | ) |
| | ) |
| v. | )      **COMPLAINT** |
| | )      <u>**Jury Trial Demanded**</u> |
| CITY OF CHARLOTTE, | ) |
|      Defendant. | ) |

The plaintiff, complaining of the Defendant, alleges and says:

## I.    <u>INTRODUCTION AND JURISDICTION</u>

1.      This is an action seeking legal and equitable relief under Title VII of the Civil Rights Act of 1964, <u>et seq.</u> ("Title VII"), and 42 U.S.C. § 1983.

2.      Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1343, this being a proceeding to enforce rights and remedies secured under Title VII. Jurisdiction is also conferred upon this Court by 42 U.S.C. § 2000(3), <u>et seq.</u> and 28 U.S.C. § 1331.

3.      Jurisdiction is further invoked pursuant to 28 U.S.C. §§ 2201 and 2202, this being an action for declaratory judgment declaring illegal the act of defendant complained of herein which violated rights secured to the plaintiff by Title VII.

## II.    <u>PARTIES</u>

4.      Plaintiff is an African-American male citizen and resident of Charlotte, Mecklenburg County, North Carolina.

5.      Defendant is a municipality under the laws of the State of North Carolina. Defendant operates the Charlotte Mecklenburg Police Department.

1

## III.   FACTS

6.     Plaintiff was employed in the Charlotte Mecklenburg Police Department ("CMPD") on or about March 15, 1998 as a police officer. After his basic training, he was assigned as a patrol officer. Plaintiff has worked at different stations and divisions. His last position was in patrol in the Central Division. Plaintiff, in addition to working the position of patrol officer, also served as the Coordinator for off-duty officer assignments.

7.     Plaintiff was subjected to disciplinary action for conduct for which similarly situated white officers did not receive similar discipline.

8.     In March, 2013, plaintiff was cited for improper use of department equipment, violation of departmental rules, including intervening to have another CMPD officer request the dismissal of a traffic citation.

9.     In January, 2013, plaintiff was the victim of stalking by a white female CMPD officer. In April, 2013, plaintiff informed Sergeant George Metavillise about the stalking. One month later, that white female officer, Aimee Aquino, notified her chain of command. Aquino was given a direct order to cease her stalking behavior. Once she received that order, she reported to Internal Affairs that plaintiff had sexually assaulted her in April, 2013. Plaintiff and Aquino had previously had a consensual sexual relationship. In defense of the claims against him, plaintiff provided text messages between Aquino and himself to prove that her claims were false. Plaintiff was suspended for thirty (30) days and cited for termination. Aquino suffered no disciplinary action and, in fact, was promoted to plaintiff's coordinator position. On August 23, 2013, plaintiff was cited for termination.

10.     Aquino, a white female, was involved in the same violations of which plaintiff was accused but was not disciplined or terminated from her employment.

Case 3:16-cv-00656-GCM   Document 1-1   Filed 09/08/16   Page 3 of 10

11.     Other white officers have engaged in the same and more egregious violations of the department's policies but have not been terminated and some of them have not been disciplined.   Those officers have been allowed to remain on the force despite having numerous allegations of sexual harassment directed at them, numerous allegations of domestic violence and excessive force, and falsifying time records.   These officers remained employed or were allowed to continue their employment until they reached retirement.

## IV.    CLAIMS FOR RELIEF

### First Claim For Relief – Race Discrimination

12.     Plaintiff realleges and incorporates all the preceding paragraphs by reference.

13.     Defendant discriminated against plaintiff by treating him differently from other caucasian employees and terminating him from his employment.   Defendant's actions complained of herein subject the plaintiff to discrimination on the basis of his race, in violation of Title VII and § 1983.

14.     As a direct result of defendant's actions, plaintiff has suffered damages, including economic damages and emotional distress, in an amount in excess of $10,000.00.


### Second Claim For Relief – Sex Discrimination

15.     Plaintiff realleges and incorporates by reference all preceding paragraphs above.

16.     Defendant discriminated against plaintiff by disciplining and terminating him while a white female similarly situated to him was neither disciplined nor terminated for the same conduct and worse than that for which plaintiff was accused.   Defendant's actions complained of herein subjected plaintiff to discrimination based on his sex, in violation of Title VII and § 1983.

17.    As a direct result of defendant's actions, plaintiff has suffered damages, including economic damages and emotional distress, in an amount in excess of $10,000.00.

## V.    DAMAGES

18.    As a result of the discrimination complained of herein, plaintiff has been deprived of his rights protected by Title VII and § 1983.

19.    By reason of defendant's conduct and as a proximate result thereof, plaintiff has suffered a loss of a law enforcement career by virtue of the termination and has suffered emotional distress.

20.    As a direct result of defendant's actions, plaintiff has suffered damages, including economic damages and emotional distress, in an amount in excess of $10,000.00.

## VI.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

21.    Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission, Charge No. 430-2014-00820, dated February 19, 2014.  The EEOC issued a Notice of Right-To-Sue (issued On Request) on March 28, 2016.  Plaintiff is filing this action within ninety (90) days of receiving the Notice of Right-To-Sue.  He has complied with all jurisdictional requirements and has exhausted administrative pre-requisites before initiating this action.

## VII.    JURY TRIAL DEMANDED

21.    Plaintiff hereby demands a trial by jury.

## VII.    PRAYER FOR RELIEF

22.    Wherefore, plaintiff prays that the discrimination alleged herein be remedied in full and that the Court, after a jury trial:

4

(1)     Declare the actions complained of herein to be illegal;

(2)     Issue an injunction enjoining defendant, its agents, its employees, successors, attorneys and those acting in concert or participation with defendant and at its direction, from engaging in the unlawful practices set forth herein and any other employment practice to be shown in violation of Title VII of the Civil Rights Action of 1964 and 42 U.S.C., § 1983;

(3)     Award plaintiff compensatory damages, including damages for mental anguish and stress, and harm to plaintiff's career opportunities;

(4)     Award plaintiff back pay and all other economic damages to provide make whole relief;

(5)     Award plaintiff his costs and expenses in this action, including reasonable attorney's fees, costs and other litigation expenses;

(6)     Grant such other and further relief as may be just and necessary to afford complete relief to plaintiff.

This 27th day of June, 2016.

GERALDINE SUMTER
N.C. Bar No. 11107
Ferguson Chambers & Sumter, PA
309 East Morehead Street, Suite 110
Charlotte, North Carolina 28202
Telephone:     (704) 375-8461
Facsimile:     (980) 938-4867
E-Mail:          gsumter@fergusonsumter.com


**ATTORNEY FOR PLAINTIFF**

5

# STATE OF NORTH CAROLINA

File No. 16 CVS 11059

__MECKLENBURG__ County

In The General Court Of Justice
☐ District ☒ Superior Court Division

*Name Of Plaintiff*
Michael Tinsley

*Address*
2707 Dogleg Court

*City, State, Zip*
Matthews, NC 28104

## VERSUS

*Name Of Defendant(s)*
CITY OF CHARLOTTE

# CIVIL SUMMONS

☐ ALIAS AND PLURIES SUMMONS

G.S. 1A-1, Rules 3, 4

*Date Original Summons Issued*

*Date(s) Subsequent Summons(es) Issued*

## To Each Of The Defendant(s) Named Below:

*Name And Address Of Defendant 1*

City of Charlotte by serving:
Ron Kimble, Interim City Manager
City of Charlotte - Government Center
600 East Fourth Street
Charlotte, North Carolina 28202

*Name And Address Of Defendant 2*

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

*Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)*

Geraldine Sumter
Ferguson, Chambers Sumter PA
309 E. Morehead Street, Suite 110
Charlotte, North Carolina 28202
(704) 375-8461

*Date Issued* 6-27-16   *Time* 2:24   ☐ AM ☐ PM

*Signature*

☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

*Date Of Endorsement*   *Time*   ☐ AM ☐ PM

*Signature*

☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

☐ **ENDORSEMENT**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts

(Over)

Case 3:16-cv-00656-GCM   Document 1-1   Filed 09/08/16   Page 7 of 10

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | Name Of Defendant |
|---|---|---|
| | ☐ AM   ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | Name Of Defendant |
|---|---|---|
| | ☐ AM   ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (Type Or Print) |
| | |
| Date Of Return | County Of Sheriff |
| | |

AOC-CV-100, Side Two, Rev. 10/01
©2001 Administrative Office of the Courts



**FERGUSON CHAMBERS & SUMTER, P.A.**

August 19, 2016

<u>**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**</u>
<u>**ARTICLE NO. 7007 2680 0001 9938 1856**</u>

**Attorneys**

James E. Ferguson, II
Geraldine Sumter
Christina L. Trice
Tiffany N. Mack

*Julius L. Chambers*
*(1936 - 2013)*

Mr. Ron Kimble
Interim City Manager
Government Center
600 East Fourth Street
Charlotte, North Carolina 28202

*Re: Michael Tinsley v. City of Charlotte – Case No. 16 CVS 11059*

Dear Mr. Kimble:

**Office**

309 East Morehead St.
Suite 110
Charlotte, NC 28202
t 704.375.8461
f 980.938.4867

**Mailing**

P.O. Box 36486
Charlotte, NC 28236

Enclosed please a Complaint and Summons in connection with the above matter.

Sincerely yours,

Geraldine Sumter
GS:vlr
Enclosures



**FERGUSON CHAMBERS & SUMTER, P.A.**

Post Office Box 36486
Charlotte, North Carolina 28236

To: Mr. Ron Kimble, Interim City Manager
City of Charlotte Government Center
600 East Fourth Street
Charlotte, NC 28202

<u>CERTIFIED MAIL - RETURN RECEIPT</u>
<u>REQUESTED</u>

7007 2680 0001 9938 1856







