**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-00656-GCM**

| | |
|---|---|
| MICHAEL TINSLEY, | ) |
| **Plaintiff,** | ) |
| v. | ) **ORDER** |
| CITY OF CHARLOTTE, | ) |
| **Defendant.** | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion to Compel Production of Documents and For Costs Incurred (Doc. No. 12). The Defendant has filed a response memorandum in opposition (Doc. No. 16). This motion is now ripe for disposition.

On January 28, 2017, Plaintiff served Defendant with discovery requests and within these requests Plaintiff sought copies of "all disciplinary actions taken with respect" to twenty-eight members of the Police Department. Plaintiff also sought the "personnel files showing date of hire, promotions, training, disciplinary actions and last date of employment, if applicable" to the same twenty-eight members of the Police Department.

Defendant has objected to turning over the entire personnel file for these officers because Defendant argues that doing so would violate N.C.G.S. 160a-168. However, the Defendant has agreed to turn over all information in the personal files that it deems to be a matter of statutorily defined public record.

Both of the requests at issue appear to be provided for as a matter of public record under N.C.G.S. 160(A)-168(b):

> The following information with respect to each city employee is a matter of public record
> …
> (9) Date and type of each promotion, demotion, transfer, suspension, separation, or other change in position classification with that municipality.
> (10) Date and general description of the reasons for each promotion with that municipality.
> (11) Date and type of each dismissal, suspension, or demotion for disciplinary reasons taken by the municipality. If the disciplinary action was a dismissal, a copy of the written notice of the final decision of the municipality setting forth the specific acts or omissions that are the basis of the dismissal.

In the discovery request at issue, the Plaintiff has asked for "all disciplinary actions taken with respect" to twenty-eight members of the Police Department and "personnel files showing date of hire, promotions, training, disciplinary actions and last date of employment, if applicable." Both of these requests are seeking information within the public records defined in the statute.

The Defendant City states in its memorandum that it is working to comply with the discovery requests for information deemed to be in the public record including "demotions, transfers, suspensions, separations and applicable dates" and "a copy of the written notices of all final decisions leading to termination." (Doc. No. 16 at 2). The information in the Plaintiff's two discovery requests at issue that the Defendant City did not state that it is providing is information regarding date of hire, promotions, training and last date of employment, if applicable for the named officers. This information clearly falls under the public record statutory definition. In so far as the Plaintiff objects to providing any of this information in discovery under the argument that it is not a public record as defined in N.C.G.S. 160(A)-168(b), that objection is overruled.

However, that information does not appear to be the real cause for the Defendant's objections. There is references to two actions taken by the Plaintiff during discovery in the Defendant's memorandum that imply that Plaintiff did and may yet attempt to request

information not in the public record. One was a request made "initially" and the other a draft confidentiality agreement drafted by the Plaintiff and rejected by the Defendant. However, these actions are not before Court today and so the Court will not rule on any such hypothetical discovery issues. It is clear that the only dispute brought in the Plaintiff's motion are these 2 discovery requests.

Finally, Plaintiff seeks an order for all costs including attorney fees incurred in filing this motion under Fed. R. Civ. P. 37(a)(5)(A). This motion will be denied as the Court finds both that the opposing party's response was substantially justified and there are other circumstances making an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii) & (iii). This dispute appears to the Court to arise from a lack of communication between the parties. It is in fact unclear whether there was an actual objection by the Defendant to the information at dispute. The blame for the lack of communication at the root of this dispute is shouldered equally by both parties. Thus, it would be unjust to make an award of expense to one side.

**THEREFORE**, the Plaintiff's Motion to Compel Production of Documents and For Costs Incurred (Doc. No. 12) is **GRANTED IN PART AND DENIED IN PART**. Defendant is ordered to comply with Plaintiff's request 8 and 9 and provide Plaintiff with "all disciplinary actions taken with respect" to the named twenty-eight members of the Police Department and the "personnel files showing date of hire, promotions, training, disciplinary actions and last date of employment, if applicable" to the same twenty-eight (28) members of the Police Department.

**SO ORDERED.**

Signed: August 8, 2017

Graham C. Mullen
United States District Judge