# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-00656-GCM

| | |
|---|---|
| MICHAEL TINSLEY, | )<br>) |
| Plaintiffs, | )<br>) |
| v. | ) **ORDER**<br>) |
| CITY OF CHARLOTTE, | )<br>) |
| Defendants. | )<br>) |

**THIS MATTER COMES** before this Court on Defendant City of Charlotte's ("Defendant") Motions in Limine (Doc. Nos. 65, 66, 75) and Defendant's Motion to Bifurcate (Doc. No. 74). Plaintiff has responded to the Motions (Doc. No. 69, 70, 76, 77). Thus, the matter is ripe for disposition.

## I. BACKGROUND

This case is set for trial on March 19, 2019. In anticipation of trial, Defendant submitted three documents entitled "Motion in Limine" requesting fifteen (15) different categories of evidence be excluded for a variety of reasons. The requests can be broken into three distinct categories: (1) Motions to which Plaintiff does not object; (2) Motions that require brief discussion by the Court; and (3) Motions that will be determined during trial. The Court will discuss each category below.

## II. DISCUSSION

### a. Motions to which Plaintiff does not object

First, Defendant moved to exclude the following categories of evidence: the existence of liability insurance, Defendant's ability to pay, and evidence regarding Plaintiff's claim for

1

unemployment or testimony provided at the Employment Security Commission. (Doc. No. 65, p. 1-2). In Plaintiff's Response, Plaintiff indicated to the Court that Plaintiff did not object to those Motions. (Doc. No. 70, p. 1). Due to the consent of the Parties and after review of the Motions and surrounding law, the Court **GRANTS** Defendant's Motions as it pertains to those categories of evidence.

### b. Motions that require discussion

#### i. Back Pay and Front Pay

Next, Defendant moved to prevent Plaintiff from presenting evidence of back pay to the jury. Defendant argues that back pay is an equitable remedy within the province of the Court, and therefore, should not be submitted to the jury. Plaintiff argued in Response that while the issue of back pay is equitable as it pertains to Title VII cases, back pay is a legal remedy to be submitted to the jury in Section 1983 cases. Because Plaintiff has sued Defendant under both theories, Plaintiff argues the issue of back pay should be submitted to the jury, and therefore, the Court should not exclude the evidence.

Defendant also moved to prevent Plaintiff from presenting evidence of front pay to the jury. Again, Defendant argued that because it is an equitable remedy, it should be the Court not the jury to decide that issue. Plaintiff argued that Section 1983 allows the jury to consider evidence of front pay damages.

The Court will withhold ruling on this issue pending a hearing prior to jury selection. The Court instructs the Parties to come prepared to discuss the issue of whether back and front pay are equitable remedies to be decided by the Court or legal remedies to be presented to the jury. The Court further instructs the Parties to come prepared to discuss the use of an advisory jury on these issues in the event the Court determines that these remedies are equitable.

### ii. Bifurcation

Defendant moved to allow the trial to proceed first to liability, and if liability is found, then and only then present evidence of damages. Defendant made this Motion based upon Federal Rule of Civil Procedure 42(b). Plaintiff responded arguing that the factors to be considered by this Court did not weigh in favor of bifurcation.

"The party requesting separate trials bears the burden of convincing the Court that such an exercise of its discretion will (1) promote greater convenience to the parties, witnesses, jurors and the Court, (2) be conducive to expedition and economy, and (3) not result in undue prejudice to any party." *F and G Scrolling Mouse, LLC v. IBM Corporation*, 190 F.R.D. 385, 387 (M.D.N.C. 1999) (internal citations omitted). Bifurcation of trials is the exception, not the rule. *Id.*

Here, Defendant did not meet its burden to show that bifurcation is appropriate. First, Defendant argued that bifurcation would increase convenience to the Court, witnesses, and the Parties because there was no overlap in liability witnesses and damages witnesses. Plaintiff responded listing several witnesses who would testify both to liability and damages. Due to the overlap, the first factor weighs in favor of conducting one trial on both issues.

Defendant next argues that bifurcation would promote judicial economy by preventing jury confusion during the deliberation process. The Court finds this argument unpersuasive. This case is relatively simple. The jury will be asked to determine if Plaintiff's race or sex was a motivating factor in his termination, and if so, what were his damages. This is not a case that involves complex legal issues that require complex, burdensome instructions. Rather, this is a case that asks the jury to determine relatively simple questions. As such, the Court finds the second factor weighs in favor of conducting one trial.

Finally, Defendant argues that allowing presentation of damages evidence prior to a finding of liability would prejudice the Defendant. This argument is unpersuasive. Even if the Court bifurcated the trial, much of what will constitute Plaintiff's damages evidence would necessarily come out during the liability portion. Thus, any prejudice to Defendant that would arise by allowing this evidence to be presented would be minimal and certainly would not rise to the level of "undue." *See F and G Scrolling Mouse, LLC*, 190 F.R.D at 387 (requiring undue prejudice).

Thus, because Defendant did not meet its burden to show that bifurcation is appropriate in this matter, Defendant's Motion to Bifurcate is **DENIED**. (Doc. No. 74).

### iii. Post Termination Actions

Defendant next moved to exclude evidence of Defendant's actions toward Aimee Aquino after Defendant terminated Plaintiff. Defendant argues that its actions after termination of Plaintiff could not possibly be relevant to Defendant's decision to terminate Plaintiff in the first place. The Court disagrees.

There is evidence on the record that Defendant funded both Ms. Aquino's defense and damages award in a private suit brought against Ms. Aquino by Plaintiff. This is despite the fact that the suit was against Ms. Aquino in her individual capacity. A reasonable jury could find this to be evidence of discriminatory animus against Plaintiff on the basis of his race or sex. Thus, it is relevant under Federal Rule of Evidence 401 as it makes a consequential fact more likely. Additionally, this evidence is not unfairly prejudicial. Evidence presented in trial is almost always prejudicial to the other party. However, Federal Rule of Evidence 403 only excludes evidence that is "unfair[ly]" prejudicial. Fed. R. Evid. 403. The Court finds that the evidence of post termination actions between Defendant and Ms. Aquino are relevant and not unfairly prejudicial. As such, the Court **DENIES** Defendant's Motion in Limine on this issue. (Doc. No. 66).

### c. Motions that the Court will decide at trial

Finally, the Court will withhold ruling on the remainder of Defendant's Motions until they become relevant at trial. Many of the remaining Motions asked the Court to exclude broad categories of evidence without providing the necessary background for the Court to make a decision. In many instances, the Motions stated clearly established rules but failed to provide a forecast of the evidence expected that would violate those rules. As such, the Court will withhold ruling at this time, and Defendant can make a timely objection if these Motions become relevant during the trial. As such, any Motion in Limine not specifically discussed within this Order will be decided at trial upon timely objection by counsel if it becomes relevant.

### III. CONCLUSION

For the aforementioned reasons, Defendant's various Motions in Limine are **GRANTED IN PART**, **DENIED IN PART**, and the Court chose to withhold ruling on the remainder. The Motions in Limine pertaining to the existence of liability insurance, Defendant's ability to pay, and evidence regarding Plaintiff's claim for unemployment or testimony provided at the Employment Security Commission are **GRANTED**. Defendant's Motion in Limine pertaining to post termination actions between Defendant and Ms. Aquino (Doc. No. 66) is **DENIED**. Defendant's Motion to Bifurcate (Doc. No. 74) is **DENIED**. The Court will hold a hearing on Defendant's Motion in Limine regarding the introduction of back pay and front pay evidence. The hearing will occur immediately prior to jury selection. The Parties are to come prepared to discuss those topics. Finally, any Motions that are not specifically discussed in this Order will be ruled upon after timely objection at trial.

**SO ORDERED**.

Signed: March 8, 2019

Graham C. Mullen
United States District Judge